IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01139-BNB

TOMMIE SMITH,

    Plaintiff,

v.

VIRGIL NICHOLS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 1 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Tommie Smith, is in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Smith has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Smith is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Smith and finds that it is deficient. Mr. Smith asserts violations of his constitutional rights by asserting excessive force, inadequate medical treatment, and retaliation claims. Although he asserts that Defendant Virgil Nichols used excessive force against him, he fails to name

a proper party regarding the inadequate medical treatment claim and the retaliation claim.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Smith must show that each named defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Smith fails to assert that the only named Defendant personally participated in the alleged inadequate medical treatment and retaliation claims. Therefore, he will be directed to file an Amended Complaint that alleges how each named Defendant personally participated in each of the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Smith file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Smith, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Smith fails to file an Amended Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED June 11, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01139-BNB

Tommie L. Smith
Prisoner No. 56504
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/11/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk