IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01139-BNB

TOMMIE SMITH,

      Plaintiff,

v.

SERGEANT VIRGIL NICHOLS,
CORRECTIONS OFFICER MICHAELS,
CORRECTIONS  OFFICER BLAKE,
CORRECTIONS  OFFICER HILYER,
CORRECTIONS OFFICER OAKS,
CORRECTIONS OFFICER GALINO,
CORRECTIONS OFFICER WALRAVEN,
CORRECTIONS OFFICER CARNEY,
SERGEANT J. MOON,
CORRECTIONS OFFICER R. FLEHARTY,
CAPTAIN VORWALD,
LIEUTENANT E. LAWSON,
MRS. SMITH, Medical Department,
CAPTAIN NEGLEY,
SERGEANT MRS. BLECHER,
CAPTAIN T. W. SCOTT,
MRS. RUSSIA, Medical Department,
LIEUTENANT MRS. SCOTT,
CORRECTIONS OFFICER MIDDELTON,
LIEUTENANT MRS. FITZGERALD,
INSPECTOR GENERAL GRAHAM,
NICOLE WILSON, Medical Records,
BEVERLY DOWIS, Medical Administrative,
LIEUTENANT DENNY OWENS,
LIEUTENANT McHAHILL,
HEARING OFFICER ALLEN HARMS,
SERGEANT BARHILL,
STERLING CORRECTIONAL FACILITY MEDICAL DEPARTMENT,
WARDEN KEVIN MILYARD, and
ASSOCIATE WARDEN JOHN CHAPELAINE,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff Tommie Smith is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. In response to Magistrate Judge Boyd N. Boland's May 18, 2009, Order, Mr. Smith filed his claims on a Prisoner Complaint form on June 9, 2009, asserting that he had been subjected to excessive force, inadequate medical treatment, and retaliation.

Magistrate Judge Boyd N. Boland reviewed the June 9, 2009, Complaint and determined that Mr. Smith failed to assert personal participation by properly named defendants. Mr. Smith was directed to amend the Complaint and correct the deficiencies. On July 7, 2009, Mr. Smith filed an Amended Complaint. Mr. Smith only listed Defendant Nichols in the caption of the July 7, 2009, Amended Complaint, but in the text of the Complaint he identified multiple individuals who were responsible for allegedly violating his constitutional rights. Mr. Smith was directed to file a Second Amended Complaint that listed all the individuals in both the caption and in Section "A Parties" that were identified in the text of the Complaint. On August 4, 2009, Mr. Smith filed a Second Amended Complaint. The Second Amended Complaint again was deficient. Magistrate Judge Boland instructed Mr. Smith to submit a revised caption page and a revised Section "A Parties" page, which he did on August 31, 2009.

In the Second Amended Complaint, Mr. Smith asserts that Defendant Nichols used excessive force on him even though he was in restraint chains. Mr. Smith also asserts that Defendants Moon, R. Fleharty, Michaels, Carney, and Blake were in the

2

room when Defendant Nichols used excessive force against him but ignored his pleas for help and failed to protect him.  Mr. Smith further asserts that Defendant Russia failed to treat the injuries he incurred from Defendant Nichols use of excessive force and told him the injuries would heal on their own.  Mr. Smith also states that Defendant Blecher retaliated against him because when he told Defendant Blecher he wanted to press charges against Defendant Nichols, and he filed a grievance about the incident, he was placed in a special control unit under Defendant T. W. Scott.  Mr. Smith seeks money damages, a transfer from the Sterling Correctional Facility, and to bring criminal and civil charges against Defendant Nichols.

Mr. Smith also asserts that Defendant E. Lawson called for a nurse, ordered Defendant Nichols to leave the room after the above-noted incident took place, and instructed Mr. Smith that if he resisted in any way the correction officers would use a stun gun on him.  Mr. Smith further asserts that Defendant Hilyer video taped and took pictures of him, even when he was stripped of his clothes.  Mr. Smith also states that Defendant Smith had to use two ammonia sticks to wake him after he passed out from the attack and conducted an anatomical examination to identify his injuries.  Mr. Smith further asserts that Defendant Vorwald told him to stop resisting and ordered other officers to remove his clothing.  Mr. Smith also asserts that Defendant Negley, in response to Mr. Smith's request that he wanted to press charges against Defendant Nichols, told him that no one in "investigations" was available to talk to him.

Nothing Mr. Smith asserts against Defendants Lawson, Hilyer, Smith, Vorwald, Negley, or T. W. Scott rises to the level of a constitutional deprivation. Defendant Lawson only informed Mr. Smith that he should not resist or a stun gun would be used on him, and Defendant Vorwald only told Mr. Smith to stop resisting and ordered that Mr. Smith's clothes be removed. Even if the Court were to find Defendants Lawson's and Vorwald's statements to be a threat, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Defendant Vorwald's order to remove Mr. Smith's clothes does not state a per se violation of Mr. Smith's constitutional rights. Moreover, Defendant Hilyer's videotaping of Mr. Smith after the incident, even after he had been stripped, does not state a per se violation of Mr. Smith's constitutional rights, nor does any of the alleged actions by Defendants Negley, T. W. Scott, or Smith.

Therefore, the claims asserted against Defendants Lawson, Hilyer, Smith, Vorwald, Negley, and T. W. Scott are legally frivolous, and they will be dismissed from the action.

As for Defendants Oaks, Galino, Walraven, Mrs. Scott, Middelton, Fitzgerald, Graham, Wilson, Dowis, Owens, McHahill, Harms, Barhill, Milyard, and Chapelaine, Mr. Smith fails to assert how each of them personally participated in violating his

4

constitutional rights.  Magistrate Judge Boland instructed Mr. Smith in the June 11,

2009, Order that personal participation is an essential allegation in a civil rights action.

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Smith must show that each named defendant caused the deprivation

of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must

be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of*

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on

a theory of respondeat superior.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Furthermore, Mr.

Smith was instructed that in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*,

492 F.3d 1158, 1163 (10th Cir. 2007), he must explain what each defendant did to harm

him, when the defendant did the harmful act, how he was injured, and what specific

legal right the defendant violated.  Therefore, Defendants Oaks, Galino, Walraven, Mrs.

Scott, Middelton, Fitzgerald, Graham, Wilson, Dowis, Owens, McHahill, Harms, Barhill,

Milyard, and Chapelaine are improper parties to the action and will be dismissed.

   Furthermore, Defendant Sterling Correctional Facility Medical Department is not

a person for the purpose of a 42 U.S.C. § 1983 action.  Defendant Sterling Correctional

Facility Medical Department also will be dismissed as an improper party to the action.

On September 8, 2009, Mr. Smith filed a Letter with the Court indicating that he only desired to file his excessive force claim against Defendant Nichols.  Therefore, the Court will construe the September 8, 2009, Letter as a Notice of Voluntary filed pursuant to Fed. R. Civ. P. 41(a) with respect to Defendants Moon, R. Fleharty, Michaels, Carney, Blake, Blecher, and Russia.  Accordingly, it is

ORDERED that Defendants Lawson, Hilyer, Smith, Vorwald, Negley, and T. W. Scott will be dismissed from the action because the claims asserted against them are legally frivolous.  It is

FURTHER ORDERED that Defendants Oaks, Galino, Walraven, Mrs. Scott, Middelton, Fitzgerald, Graham, Wilson, Dowis, Owens, McHahill, Harms, Barhill, Milyard, Chapelaine, and Sterling Correctional Facility Medical Department are dismissed from the action as improper parties because Mr. Smith fails to assert any personal participation by the parties in the alleged constitutional violations.  It is

FURTHER ORDERED that Defendants Moon, R. Fleharty, Michaels, Carney, Blake, Blecher, and Russia are dismissed pursuant to Mr. Smith's Notice of Voluntary Dismissal filed on September 8, 2009.  It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Lawson, Hilyer, Smith, Vorwald, Negley, T. W. Scott, Oaks, Galino, Walraven, Mrs. Scott, Middelton, Fitzgerald, Graham, Wilson, Dowis, Owens, McHahill, Harms, Barhill, Milyard, Chapelaine, Sterling Correctional Facility Medical Department, Moon, R.

Fleharty, Michaels, Carney, Blake, Blecher, and Russia from the docketing record as parties to this action. It is

FURTHER ORDERED that the claims asserted against Defendant Nichols shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _23_ day of _____Sept____, ____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  09-cv-01139-BNB

Tommie Smith
Prisoner No.  56504
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 9/24/09

                    GREGORY C. LANGHAM, CLERK

                    By: _____
                              Deputy Clerk