IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01139-MSK-BNB

TOMMIE L. SMITH,

Plaintiff,

v.

VIRGIL NICHOLS, Colorado Department of Corrections of Sterling Correctional Facility Sergeant,

Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on a paper filed by the plaintiff entitled **Information for Temporary Restraining Order** [Doc. #41, filed 10/02/2009] (the "Motion") ].  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections.  At the time he filed his Motion, he was housed at the Sterling Correctional Facility ("SCF").  He filed his Second Amended Prisoner Complaint (the "Complaint") on August 4, 2009 [Doc. #22].  The Complaint alleges that after the plaintiff refused to follow an order, defendant Nichols "slammed" the plaintiff to the ground and drove a knee into his back while the plaintiff was in restraints.

In his Motion, the plaintiff states that on September 29, 2009, he was transferred to the unit where Nichols works.  The unit also houses inmates who are gang members and inmates who are serving life sentences.  The plaintiff states that he is having flashbacks of the incident with Nichols, and he is worried and afraid that Nichols will assault him again or that a gang

member will harm him.  He seeks injunctive relief in the form of a transfer to a different unit.

The plaintiff seeks a temporary restraining order.  However, where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction."  Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and
(4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The plaintiff's request for injunctive relief is based on his fear that Nichols will again assault him.  He does not provide any factual allegations to substantiate his fear.  There is no evidence to show that Nichols is a current threat to the plaintiff or that the gang members in his unit have actually threatened to harm him.  Injunctive relief is issued "to prevent existing or presently threatened injuries."  Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).  Such relief "will not be granted against something merely feared as liable to occur at some indefinite

time in the future." Id.

In addition, the plaintiff has recently been transferred to a facility in Boulder [Doc. #55]. Because "entry of injunctive relief in [the plaintiff's] favor would have no effect on the defendants' behavior," the plaintiff's request for injunctive relief must be denied. Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) (holding that a prisoner's claims for injunctive relief regarding prison conditions were moot where the prisoner had been moved to another prison unit); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir.1984) (holding that a prisoner's transfer to a different jail rendered his claim for injunctive relief moot even where prisoner argued that there was no assurance he would not be returned to first jail)).

I respectfully RECOMMEND that the plaintiff's Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 29, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge