IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01139-MSK-BNB

TOMMIE L. SMITH,

Plaintiff,

v.

VIRGIL NICHOLS, Colorado Department of Corrections of Sterling Correctional Facility Sergeant,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Production of Evidences and Discovery** [Doc. #89] (the "Motion"). The Motion is DENIED.

The plaintiff seeks an order compelling the defendant to produce certain documents, admissions, and answers to interrogatories in response to his discovery requests. He states that the defendant did not respond or did not fully respond to his requests. The discovery requests and responses are not attached to the Motion, and the plaintiff does not set forth verbatim his requests and the defendant's responses to those requests.

Local rule of practice 37.1, D.C.COLO.LCivR, specifies the form of discovery motions as follows:

> A motion under Fed. R. Civ. P. 26 or 37 directed to an interrogatory, request, or response under Fed. R. Civ. P. 33 or 34 shall either set forth in the text of the motion the specific interrogatory, request, or response to which the motion is directed, or an exhibit that contains the interrogatory, request, or response shall be attached.

This is an important requirement. I cannot rule on a motion to compel in an informed manner unless I know precisely what was asked for in the disputed discovery and precisely what the response to the request was.

In addition, although the Motion contains a Certificate of Service, the plaintiff does not certify that he served the Motion on counsel for the defendant. *Motion*, p. 5. I previously advised the plaintiff as follows:

> Copies of papers filed in this court must be served on counsel for all other parties1 (or directly on any party acting pro se) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

*Order Issued April 20, 2010* [Doc. #84], p. 2.

I ordered that "all future applications to the court for relief shall be . . . served on counsel for the defendants in accordance with Rule 5."

IT IS ORDERED that:

(1)  The Motion is DENIED; and

(2)  All future Motions shall be served on counsel for the defendant in accordance with Rule 5, Fed. R. Civ. P., and shall be accompanied by a proper Certificate of Service. Failure to comply may result in sanctions, including dismissal of this case.

2

Dated September 1, 2010.

BY THE COURT:

_s/ Boyd N. Boland_
United States Magistrate Judge