IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01139-MSK-BNB

TOMMIE L. SMITH,

Plaintiff,

v.

VIRGIL NICHOLS, Colorado Department of Corrections of Sterling Correctional Facility Sergeant,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Production of Evidences and Discovery** [Doc. #96, filed 11/19/2010] (the "Motion").  The plaintiff seeks an order compelling the defendant to produce certain documents and to provide admissions and answers to interrogatories in response to his discovery requests.  The Motion is DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

As a preliminary matter, the plaintiff's Motion is not timely.  On January 4, 2010, I entered a Scheduling Order [Doc. #71].  The discovery cut-off was July 1, 2010.  The plaintiff

admits that he served his discovery requests in May 2010. *Motion*, p. 6.[1] He filed this motion to compel on November 19, 2010--almost five months after the discovery cut-off.

When an enlargement of time is sought after expiration of a specified deadline, the movant must show that "the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b). The plaintiff does not acknowledge that the discovery cut-off has expired, nor does he establish excusable neglect.

The Motion is not a model of clarity, and it is not entirely clear which responses the plaintiff claims are insufficient. The discovery responses that are clearly at issue appear to be adequate.

The plaintiff first contends that the defendant did not disclose photographs that were responsive to Requests for Documents Nos. 5 and 11. *Motion*, pp. 3-5. Request for Production of Document No. 5 states the following:[2]

> Photocopie of all Colorado Department Of Colorado ofSterling Correctional Facility. Photograph picture that was taken on the Plaintiff, Tommie L. Smith #56504 and all video camera pictures that was save, and is on compture from the date of February 24, 2009, including the date of your respond to this request.

*Motion*, Ex. D, second consecutive page.

Request for Production of Document No. 11 states:

> Photcopie of all Colorado Department of Corrections of Sterling Correctional Facility document of all prior to and after incident on February 24, 2009, include date of your respond to this request.

Id. at third consecutive page.

---

[1]The plaintiff does not assign consecutive page numbers to the Motion. Therefore, I cite to the page numbers of the Motion as they are assigned by the court's docketing system.

[2]I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

The defendant states that all photographs in existence which relate to the alleged incident have been provided to the plaintiff.  *Response to Plaintiff's Motion to Compel* [Doc. #104], ¶ 4. The defendant cannot be compelled to produce photographs that do not exist.  The plaintiff's request to compel additional pictures is denied.

The plaintiff next asserts that the defendant did not "fully answer" his Requests for Admissions.  *Motion*, p. 5.  The following constitutes the plaintiff's entire argument:

> June 11, 2010 the plaintiff did receive a response to plaintiff's "Admission," general objections, and preliminary statement.  The plaintiff who did send the defendant Virgil Nichols, Sergeant the Admission that was dated May 10, 2010 . . . .  The defendant Virgil Nichols Sergeant who failed to fully answer the plaintiff Admission was dated on May 10, 2010 that have only 12 request on the Admission.  Which the plaintiff can ask repeated request which the plaintiff do have the right of the 1st Amendment of the United States Constitution.  See defendant Virgil Nichols Response to plaintiff's "Admission" Exhibit I

*Motion*, p. 5.

The plaintiff does not state which of the twelve responses to his Requests for Admissions are deficient or why they are deficient.  Indeed, the plaintiff's argument is incomprehensible. The plaintiff's request to compel is denied insofar as it addresses his Requests for Admissions.

Finally, the plaintiff asserts that the defendant did not fully answer Interrogatories No. 2, 4, 6, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 21, and 22.  *Motion*, p. 6.  I have reviewed these interrogatories and the defendant's responses to them.  I find that to the extent the plaintiff posed comprehensible questions, the defendant's responses are adequate.  The plaintiff's request to compel additional responses is denied.

The remainder of the Motion is confusing and generally unintelligible.  It is difficult to discern which of the defendant's responses, if any, are being challenged or why.

IT IS ORDERED that the Motion [Doc. # 96] is DENIED.

Dated January 4, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge