IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01139-MSK-BNB

TOMMIE SMITH,

    Plaintiff,

v.

SERGEANT VIRGIL NICHOLS,

    Defendant.

## ORDER DENYING EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS BEFORE TRIAL

**THIS MATTER** comes before the Court on Plaintiff Tommie L. Smith's Emergency Motion to Compel Production of Documents Before Trial (**#140**), to which Defendant Sergeant Virgil Nichols has responded (**#145**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

The Plaintiff asserts a single claim for unconstitutional use of excessive force by Sergeant Nichols[1] on February 24, 2009. Trial is set to begin on January 3, 2012. The Plaintiff was *pro se* until October 17, 2011, when counsel entered their appearances. A Law and Motion Hearing was held in this matter on November 22, 2011, at which time the Plaintiff moved to continue the trial and to reopen discovery. Both motions were denied, although the Plaintiff was granted leave to take six pretrial depositions authorized by the previous discovery orders. Counsel for the Plaintiff indicated that, as to document discovery, they were concerned about

---

[1] Mr. Smith's complaint (**#22**) delineates three separate claims, but review of them as they pertain to Sergeant Nichols reveals that they all pertain to the same incident.

obtaining certain personnel documents of several Colorado Department of Corrections ("CDOC") employees as well as governing policies.  Because counsel for the Defendant indicated that he would voluntarily provide some of this material, the Court directed the parties to cooperate informally as to production of additional documents and reminded them of their obligations under Fed. R. Civ. P. 26.  The Court also reminded counsel for the Plaintiff that the Plaintiff had the option of issuing a third-party subpoena to the extent the documents sought were not the property of the Defendant.

Based on the parties' representations in their briefs, it appears that significant disclosure has occurred, including the requested policies, portions of the personnel files relating to disciplinary action against the Defendant, the Defendant's performance reviews and job assignment history, training histories of the CDOC employees involved or present at the incident, and other pertinent information.

The Plaintiff, however, now seeks to compel production of documents described in a broad discovery request, *i.e.*, "all information regarding inmate complaints, grievances, or charges against the SCF personnel involved and all 'Use of Force' reports filed by them and the disciplinary actions taken against them, regardless of whether SCF categorizes them under the name 'Personnel Files.'" Mot. to Compel. at 4.  The Plaintiff indicates that he has issued a subpoena requesting these and other documents as well.

In response, counsel for the Defendant states that he advised the Plaintiff that inmate grievances, lawsuits, and use of force reports are not contained in employee personnel files.  The Defendant explains that information related to inmate grievances is contained in a database that is searchable only by the name of the inmate, not by the name of the employee against whom the

2

grievance was asserted.[2]  The Defendant has not described any limitations or difficulties with respect to Use of Force Reports, assuming such documents exist and are relevant.

The Court notes that the parties appear to have complied with the Court's order to cooperate informally in exchanging relevant documents.  The scope of material now sought by the Plaintiff exceeds the requests suggested at the November 22, 2011 Law and Motion Hearing.  The Plaintiff has not moved to reopen discovery and, in the absence of a formal pending discovery request or a showing that the Defendant has not complied with its Rule 26 disclosure obligations, the procedures of Fed. R. Civ. P. 37 are inapplicable.  Moreover, even if the Plaintiff so moved, this document request would be denied.  As the Court has previously discussed, the time for discovery has passed.  This matter will proceed to trial in a matter of weeks.  The Plaintiff's document request is a broad discovery request that *might* lead to relevant and admissible evidence; however, at this stage of the proceeding, Plaintiff would only be entitled to compelled production of material that Plaintiff can demonstrate would be relevant to the claims as set forth in the Amended Final Pretrial Order and admissible at trial.  The Plaintiff has not made such a showing.

In addition, since the Plaintiff apparently has issued a subpoena for the requested documents, it is unclear what additional relief is sought by way of the Emergency Motion to Compel.[3]  Assuming the subpoena has been issued and served, any issues that arise as a result of

---

[2] The Defendant suggests that the Plaintiff could ask the employees in their depositions about the names of inmates who have filed grievances against them; the Defendant would then be able to locate documents related to that specific inmate and grievance.  It is unclear whether the Plaintiff pursued this possibility.

[3] In the request for relief, the Plaintiff requests that the Court order "opposing counsel to cooperate to ensure timely production of the documents requested."  Mot. to Compel, at 5.  This

the response to the subpoena can be addressed when they are ripe.

**IT IS THEREFORE ORDERED** that

(1)   The Emergency Motion to Compel Production of Documents Before Trial (**#140**)

is **DENIED** as premature.

Dated this 16th day of December, 2011

                              **BY THE COURT:**

                              Marcia S. Krieger
                              United States District Judge

---

request is too vague for the Court or the Defendant to understand the specific actions the Defendant would be required to take, assuming the motion were granted.