IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01139-MSK-BNB

TOMMIE SMITH,

    Plaintiff,

v.

SERGEANT VIRGIL NICHOLS,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH

**THIS MATTER** comes before the Court on the Motion to Quash Subpoena to Produce Documents (**#149**) filed by Shawna Roche, Custodian of Records for the Sterling Correctional Facility ("SCF") within the Colorado Department of Corrections ("CDOC"). The Plaintiff Tommie L. Smith has responded (**#151**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

The Plaintiff asserts a single claim for unconstitutional use of excessive force by Sergeant Nichols[1] on February 24, 2009. Trial is set to begin on January 3, 2012. Discovery has been closed for some time; nonetheless, after counsel entered their appearances on October 17, 2011, the Plaintiff was granted leave to take a limited number of depositions. The Court directed the parties to cooperate informally as to production of additional documents in preparation for trial.

The Plaintiff has issued and served a subpoena on the SCF to obtain a broad variety of

---

[1] Mr. Smith's complaint (**#22**) delineates three separate claims, but review of them as they pertain to Sergeant Nichols reveals that they all pertain to the same incident.

documents, generally categorized as follows: (1) training materials on use of force for the SCF employees present at the February 24, 2009 incident; (2) disciplinary histories of those employees; (3) grievances and similar documents regarding excessive use of force involving those employees from 2007 to 2011; (4) all use of force reports filed between 2007-2011 by those employees; (5) personnel files and other files relating to those employees. The subpoena was issued pursuant to Fed. R. Civ. P. 45 and requires the custodian of records to produce the documents in advance of trial (on December 19, 2011).

Ms. Roche, on behalf of the SCF, seeks to quash the subpoena on the grounds that training documents and use of force reports are confidential and privileged, disclosure of which could compromise the security of CDOC correctional facilities; that disciplinary and personnel documents relating to nonparties are private and not subject to disclosure; the requests are overbroad; and search and production of grievances would pose an undue burden. The Plaintiff responds,[2] primarily citing law regarding Rule 45 and the scope of evidence subject to discovery under Rule 26.

The primary flaw in the Plaintiff's argument is that discovery has closed. At this point, as has been previously noted,[3] the Court is inclined to only require compelled production of documents upon a showing by the Plaintiff that the materials sought are both relevant *and* admissible, *i.e.*, that the documents are needed and will be used for trial. Speculation, or even a

---

[2]The Plaintiff also requests a spoliation instruction regarding an unrelated issue, evidence relating to the Plaintiff's clothes. This request violates D.C.COLO.LCivR 7.1.C ("A motion shall not be included in a response or reply to the original motion."). This request is denied without prejudice to renewal at the time of the charging conference upon an evidentiary proffer.

[3]See Order Denying Emergency Motion to Compel (#**147**) at 3.

reasonable belief, that the materials sought might lead to admissible evidence is insufficient. There is a single claim against a single Defendant that will be tried. Thus, all requests must be tied to the proof of that claim. Although no specific showing has been made by the Plaintiff as to how the requested documents constitute admissible evidence on the single claims, the Court has considered those that might pertain to the credibility of the testimony of identified witnesses.

Upon review of the subpoena requests and the authorities provided by the parties, **IT IS THEREFORE ORDERED** that Motion to Quash Subpoena to Produce Documents (#149) the motion to quash is granted and denied as follows:

(1) training materials on use of force for the SCF employees present at the February 24, 2009 incident: **GRANTED**. The Plaintiff has made no showing as to how this evidence relates to his proof at trial. There is no claim of failure to train and the Plaintiff has not shown how training of the employees present at the incident will be admissible as to the claim asserted against the Defendant.

(2) disciplinary histories of certain employees: **DENIED IN PART WITH LIMITATIONS.** These documents may be relevant and admissible with respect to the credibility of the testimony of the Defendant or witnesses that he calls. Any responsive documents shall be produced at trial and only for the purposes of trial. They shall be made available only to counsel. No copies shall be made and no documents will be disclosed to the Plaintiff. In the event any confidential documents are admitted as exhibits at trial, the parties may request appropriate safeguards. As to individuals who will not be called as witnesses, the motion is **GRANTED**.

(3) grievances and similar documents regarding excessive use of force involving certain employees from 2007 to 2011: **DENIED IN PART WITH LIMITATIONS.** As to the Defendant and any witnesses he calls, some documents may be relevant to the credibility of testimony. However, the request is overbroad. Therefore, this category of documents is limited to grievances (against the Defendant or any witness he may call) and related documents that resulted in a favorable finding or relief for the inmate who initiated the grievance. Any responsive documents shall be produced at trial and only for the purposes of trial. They shall be made available only to counsel. No copies shall be made and no documents will be disclosed to the Plaintiff. In the event any confidential documents are admitted as exhibits at trial, the parties may request appropriate safeguards. As to individuals who will not be called as witnesses, the motion is **GRANTED**.

(4) all use of force reports filed between 2007-2011 by certain employees: **GRANTED**. The request is overbroad and the Plaintiff has not shown that the materials sought are both relevant and admissible. In addition, these documents all relate to prior or subsequent acts and the Plaintiff has not shown that the evidence would be admissible under Rule 404 of the Federal Rules of Evidence.

(5) personnel files and other files relating to certain employees: **GRANTED**. The request is overbroad and the Plaintiff has not shown that the materials sought are relevant and

admissible.

       Dated this 27th day of December, 2011

                                    **BY THE COURT:**

                                    Marcia S. Krieger
                                    United States District Judge